UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS KNIERY,

       Plaintiff,

                                     CASE NO.:

vs.

US ANESTHESIA PARTNERS, A
FOREIGN PROFIT CORPORATION,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, THOMAS KNIERY ("KNIERY" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, US ANESTHESIA PARTNERS, a Foreign Profit Corporation ("USAP" or "Defendant") and alleges the following:

    **1.**    Plaintiff brings these claims based on Defendant's violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and seeks back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, front pay, compensatory damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION

    2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

## VENUE

    3.    Venue is proper because Defendant conducts substantial business in Collier

County, Florida, and Plaintiff worked for Defendant in Collier County, Florida, where the actions at issue took place.

## PARTIES

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Collier County, Florida.

5. From February 1, 2019, until his termination on March 13, 2020, Plaintiff worked for Defendant.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

7. In the alternative, Defendant is estopped from denying it is an employer under the FMLA based upon its approval of Plaintiff's requested FMLA leave.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## GENERAL ALLEGATIONS

9. Plaintiff was employed by Defendant as the Executive Vice President of Payer Contracting and reported to Defendant's Chief Financial Officer.

10. During Plaintiff's tenure, he was considered an exemplary employee with no significant disciplinary history.

11. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, *et seq.*, because Defendant interfered with and/or retaliated against

Plaintiff.

12. Plaintiff requested, and was approved for, FMLA leave from February 3, 2020, through March 16, 2020, in order to address a serious medical condition.

13. Defendant advised Plaintiff that he was eligible for FMLA, and approved Plaintiff for FMLA leave.

14. Based on this, Plaintiff relied, to his detriment, upon Defendant's written approval of his requested FMLA leave.

15. Had Plaintiff been notified that he was not FMLA eligible at any time and commencement of his FMLA leave, he would have made alternative arrangements so as to protect his employment and return to work without issue.

16. At no time during his employment, including but not limited to after Defendant approved Plaintiff for FMLA leave, was Plaintiff notified that he was not FMLA eligible.

17. At no time during his employment, including but not limited to after Defendant approved Plaintiff for FMLA leave, did Defendant notify Plaintiff that he was no longer FMLA eligible because Defendant did not employ the requisite number of employees within seventy-five (75) miles of where Plaintiff worked.

18. Plaintiff's request for FMLA leave were both verbal and in writing to Defendant.

19. In response to the foregoing, and despite being approved for FMLA leave through March 16, 2020, on March 13, 2020, prior to the time Plaintiff was scheduled to return to work from FMLA leave, Defendant advised Plaintiff that his employment was being terminated.

20. Had Defendant not previously represented to Plaintiff that he was approved for FMLA, Plaintiff would not have missed time off from work resulting in his termination.

21. Defendant misrepresented material facts regarding Plaintiff and his eligibility for FMLA, by providing Plaintiff approval of his requested FMLA leave.

22. Defendant was aware of the true facts, that Plaintiff's leave would not be FMLA protected.

23. Defendant intended that the misrepresentations be acted on by Plaintiff, or had reason to believe that Plaintiff would rely on the misrepresentations, which Plaintiff did, in fact, rely and act upon.

24. Plaintiff did not know, nor should have known, the true facts, which Defendant was aware of.

25. Plaintiff relied upon Defendant's misrepresentations regarding Plaintiff and his eligibility for FMLA, by providing Plaintiff approval of his requested FMLA leave.

26. As a result, Defendant is equitable estopped from denying it is an employer under the FMLA and/or that Plaintiff is not eligible for FMLA.

27. Plaintiff suffered damages, including loss of his employment, based upon his detrimental reliance of Defendant's written representation that he was eligible and approved for FMLA leave and his utilization of same.

28. Plaintiff would not have been terminated by Defendant if he had not relied, to her detriment, on Defendant's representation that he was FMLA eligible and approved, and his utilization of what he believed to be FMLA leave.

29. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA

4

rights, and retaliated against him for seeking to utilize/utilizing what he believed to be proper and authorized FMLA leave.

30. In the alternative, Defendant's written representations estops Defendant from claiming that Plaintiff was not protected by the FMLA based on the legal concept of detrimental reliance/estoppel.

31. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity, and the illegal actions taken against him by Defendant.

32. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for his use of what should have been approved FMLA protected leave.

33. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant did not have a legitimate reason for Plaintiff's termination.

35. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

36. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

37. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:

## FMLA INTERFERENCE/RETALIATION

38. Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1-

37, *supra*, as if fully set forth in this Count.

39. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to, and did, exercise his right to take leave from work under the FMLA.

40. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA.

41. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

42. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

43. Defendant interfered with and retaliated against Plaintiff for exercising his right(s) under the FMLA, because Defendant terminated Plaintiff in retaliation for his request for, and utilization of, FMLA leave he needed to address his serious health condition.

44. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

45. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

47. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an

equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

Dated this 9th day of November, 2020.

Respectfully submitted,

By  /s/Noah E. Storch
Noah E. Storch, Esquire
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. Sr. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*